■ AGAWAM TRADING CORP. et al., Respondents, v. MAYER MALBIN CO., INC., et al., Appellants.— Order, Supreme Court, New York County, entered on April 5, 1971, insofar as appealed from, is unanimously reversed, on the law, and the defendants' motion for summary judgment is granted and the complaint dismissed. as to defendants-appellants. Appellants shall recover of respondents $50 costs and disbursements of this appeal. The record reveals that the property allegedly converted by defendants was legally obtained pursuant to a levy by the Sheriff made to enforce a judgment in favor of defendant Mayer Malbin Co., Inc., rendered by the Civil Court. The property having been legally obtained by defendant initially, this conversion action can only be maintained upon a showing that there has been a demand for the property and that there has been a refusal to return such property. (See *Apex Ribbon Co.* v. *Knitwear Supplies*, 22 A D 2d 766, 767.) The record is barren of any facts to show a refusal to return the property. As stated in the *Apex* case (*supra,* p. 767), " There is only a repetition of the conclusory allegation set forth in the complaint." In contrast, the affidavit in support of the motion for summary

judgment contains facts indicating that defendants' attorney communicated with plaintiffs' attorney with reference to arranging for release of the goods to the legal owner. In addition, we believe that the letter of May 2, 1969, sent by plaintiffs to defendants was not a legally sufficient demand to constitute the basis for this conversion action. The letter was sent in the context of the summary proceeding and there were no disclosures in the letter of any right of the individual plaintiffs to any specific articles detained. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Tilzer, JJ.