■ RITA MAURO, Also Known as RITA ANDREWS, Also Known as MARIE N. ROSSI, Respondent, v GARY ANDREWS et al., Appellants. [606 NYS2d 611] —Motion for leave to appeal to the Court of Appeals is denied; wherein reargument is sought, the unpublished decision and order of this Court entered on October 7, 1993 (Appeal No. 49786) and a new decision and order decided simultaneously herewith.

Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about November 13, 1992, after a nonjury trail, awarding plaintiff damages against defendants for conversion, unanimously modified, on the law and the facts, to reverse the judgment against defendants Bruce Andrews and Gary Andrews in his individual capacity and dismiss the complaint against them and, except as so modified, affirmed, with costs.

Plaintiff's superior possessory right to the bonds in question is sufficiently evidenced by the bank receipts showing that the bonds were purchased in her name and the deposition testimony of Greg Andrews, plaintiff's now deceased companion and the father of defendants Gary Andrews and Bruce Andrews, that the bonds were purchased in plaintiff's name to prevent his children from giving plaintiff a "hard time" after his death, permitting an inference that if, in fact, the money used to buy the bonds was given to plaintiff by her companion, it was given as a gift.

There is, however, no basis for the imposition of liability against Gary Andrews in his individual capacity or against Bruce Andrews. Since Gary Andrews legally obtained possession of the bonds, a cause of action for conversion cannot be maintained against him since there has been no showing of a refusal to return the property upon demand. (See, Agawam Trading Corp. v Mayer Malbin Co., 37 AD2d 946.) When viewed in conjunction with his testimony that the coupons were to be deposited and used to pay his father's bills, Gary Andrews' testimony that after his father gave him the bonds he clipped the coupons and gave them to plaintiff does not, as plaintiff argues, constitute an acknowledgement that the bonds were his property and does not warrant a conclusion that his possession of the bonds was unlawful.

As to Bruce Andrews, there is no evidence that the bonds were ever in his possession or that there were, at any time, dealings between Bruce and either his father or brother regarding the bonds. The statement in the answer that "all of the * * * bonds * * * were the property of defendants" is not an admission of possession; it is merely a claim of entitlement to the property in question. Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.