■ TACHE-HADDAD ENTERPRISES, Respondent, v ALFONS MELOHN, Appellant. [637 NYS2d 396] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 29, 1994, which granted plaintiff's motion for partial summary judgment on the issue of liability and directed an assessment of damages, unanimously reversed, on the law, and the motion is denied, without costs.

In this action for conversion, a former commercial tenant asserts that after its lawful eviction for nonpayment of rent, the landlord unlawfully converted personal property the tenant had left behind. The central factual controversy on the motion for partial summary judgment was whether plaintiff had ever made a demand for the return of its property between the date of eviction and the commencement of the action. Such proof, of course, is an essential ingredient in a conversion action (*Apex Ribbon Co. v Knitwear Supplies*, 22 AD2d 766; *see, Mauro v Andrews*, 200 AD2d 392, 393, *lv denied* 83 NY2d 757).

Purporting to act under CPLR 3212 (c), the motion court directed an evidentiary hearing upon the sole issue of demand *vel non*. At the hearing, plaintiff produced two witnesses and defendant presented three. Finding plaintiff's principal witness—its officer, Richard Bobo—to be "the more credible", and without any reference to defendant's setoffs and counterclaims, the court directed an assessment of plaintiff's damages.

There is no basis in law for the motion court's application of the truncated procedure to this case. (We note in passing that defendant fully preserved his objection to the erroneous procedural course.) However well intentioned as a matter of efficiency, the disposition of the motion court ignored the central guideline governing summary judgment, that " 'issue-finding, rather than issue-determination, is the key to the procedure' " (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Here, the motion court isolated a dispositive substantive issue and proceeded to determine it summarily by resolving

what it conceded to be an issue of credibility in conflicting testimony. In doing so, it peremptorily extinguished defendant's right to a jury trial as well as the opportunity to conduct discovery. To be sure, partial summary judgment as to liability will lie where a cause of action is established as a matter of law, but manifestly, this is not the case here.

CPLR 3212 (c) does not provide a predicate for the method adopted by the motion court; the rule is not designed to provide an immediate trial for any and all kinds of issues, no matter how invitingly simple they may appear. On the contrary, it allows for an "immediate trial" only where the sole dispute is over the amount or extent of damages, or where the motion is based on one of the grounds enumerated in CPLR 3211 (a) (motion to dismiss a cause of action) or CPLR 3211 (b) (motion to dismiss a defense). The court indicated that CPLR 3212 (c) relief was granted because plaintiff's motion was directed at dismissing a defense (viz., the third affirmative defense—that the complaint failed to state a cause of action). Such a "defense" is mere surplusage which serves no purpose in an answer, belonging more properly in a motion to dismiss under CPLR 3211 (a) (7). While it is inappropriate in a responsive pleading, this is merely a procedural defect (*Platt v Portnoy*, 220 AD2d 652, 653) which does not provide the vehicle for CPLR 3212 (c) relief.

Plaintiff's real aim was to eliminate the landlord's defense of lack of demand. But that defense was not the subject of a separate "affirmative defense"; rather, it was encompassed in defendant's specific denial of plaintiff's allegation in the complaint that appropriate demand had in fact been made. Joinder of issue on this point created a triable issue of fact which was not susceptible to summary disposition under CPLR 3212 (c). Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.