◼ JOHN L. LEPPARD, Appellant, v RALPH PARISI et al., Respondents, et al., Defendants. [707 NYS2d 835] —In an action,

*inter alia,* to recover damages for fraud, conversion, misappropriation, and breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated January 22, 1999, as granted those branches of the motion of the defendants Ralph Parisi, Andrew Parisi, Ralph Parisi, Jr., Stephen Parisi, Spinnaker Enterprises, Inc., and Central Orthopedic Associates, P. C., which were for summary judgment dismissing (1) the causes of action sounding in fraud, conversion, and misappropriation insofar as asserted against Andrew Parisi, Ralph Parisi, Jr., Stephen Parisi, and Spinnaker Enterprises, Inc., (2) the cause of action to recover damages for constructive fraud insofar as asserted against the defendants Ralph Parisi and Central Orthopedic Associates, P. C., to the extent of limiting recovery for that cause of action to acts which occurred after September 23, 1987, and (3) the cause of action to recover punitive damages insofar as asserted against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The cause of action to recover damages for constructive fraud insofar as asserted against the defendants Ralph Parisi and Central Orthopedic Associates, P. C., is barred by the Statute of Limitations to the extent that it was based on acts which occurred prior to September 23, 1987 (*see, Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353).

The Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the causes of action sounding in fraud, conversion, and misappropriation insofar as asserted against the defendants Andrew Parisi, Ralph Parisi, Jr., Stephen Parisi, and Spinnaker Enterprises, Inc. (*see, Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119; *Glass v Wiener,* 104 AD2d 967; *Brown v Lockwood,* 76 AD2d 721, 730; *Agawam Trading Corp. v Malbin Co.,* 37 AD2d 946). These respondents established their entitlement to judgment as a matter of law on those causes of action, and the plaintiff failed to submit evidence sufficient to defeat that branch of the motion.

The plaintiff is not entitled to punitive damages since he failed to demonstrate that the wrong to him rose to the level of "such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon,* 10 NY2d 401, 404-405), and failed to establish that the conduct was part of a pattern of similar, publicly-directed misconduct (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603).

The plaintiff's remaining contentions are not properly before

this Court as they are raised for the first time on appeal (*see, Lang v Cohalan,* 127 AD2d 17; *Matter of American Cyanamid Co. v Board of Assessors,* 243 AD2d 630). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur. [*See,* 172 Misc 2d 951.]