■ SANDRA L. ZIMMERMAN et al., Respondents, v STEVEN L. TARSHIS et al., Appellants, et al., Defendants. [734 NYS2d 462] —In an action, *inter alia*, to recover damages for conversion, the defendants Steven L. Tarshis and Drake, Sommers, Loeb, Tarshis & Catania, P. C., appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 11, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the claim for punitive damages insofar as asserted against the appellants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The claim by the defendants Steven L. Tarshis and Drake, Sommers, Loeb, Tarshis & Catania, P. C. (hereinafter the appellants), that the Supreme Court erred in denying their motion for summary judgment is partially unpreserved for appellate review, to the extent that they argue that the subject funds belong to the partnership at issue, and not to the plaintiffs (*see, Resnick v Doukas*, 261 AD2d 375).

In any event, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the causes of action sounding in loss of interest, wrongful withholding, and conversion insofar as asserted against the appellants, as they failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

However, we agree with the appellants' contention that the Supreme Court erred in denying that branch of their motion which was to dismiss the plaintiffs' claim for punitive damages as to them. The plaintiffs are not entitled to punitive damages since the record fails to "demonstrate that the wrong to [them] rose to the level of 'such wanton dishonesty as to imply a criminal indifference to civil obligations' (*Walker v Sheldon,* 10 NY2d 401, 404-405), and failed to establish that the conduct was part of a pattern of similar, publicly-directed misconduct" (*Leppard v Parisi,* 271 AD2d 412, 413).

The appellants' remaining contention is without merit. S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.