WILLIAM A. SHEA, Respondent, v. PHIL T. CHINN and Another, Appellants.*

Third Department, May 3, 1928.

Conversion — sufficiency of demand to change legal into illegal possession — defendants had possession of several horses belonging to plaintiff, under agreement as to care — demand made by plaintiff for return was insufficient.

The plaintiff delivered several horses to the defendant at his farm in Kentucky for breeding purposes, under an agreement whereby any profits realized would be applied toward their keep and the surplus, if any, paid to the plaintiff, and any deficiency paid by him. Since defendants' possession was originally legal, a demand for the return of the horses and a refusal to deliver were necessary.

* Revg. 131 Misc. 336.— [REP.

The evidence does not show that the alleged demands made by the plaintiff were sufficient, upon which to base this action, for it appears that one demand was that the defendants advertise one horse for sale, and the second and third demands consisted of conversations in which it was not shown that the defendants refused to return the horses. Furthermore, the plaintiff did not specify in his demands when, where or how the horses were to be shipped.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 6th day of December, 1927.

*Brackett & Eddy* [*Frank H. Hiscock, A. Hershfield* and *Spencer B. Eddy* of counsel], for the appellants.

*Ryan & Bowers* [*Thomas Jefferson Ryan* and *Lawrence B. McKelvey* of counsel], for the respondent.

HILL, J. This action is brought to recover the value of two horses owned by plaintiff and claimed to have been converted by the defendant. They were sent to defendant's stock farm in Kentucky for breeding purposes, profits to be applied toward their keep, the surplus, if any, to be paid to the plaintiff, and any deficiency to be paid by him.

Defendant's original possession was concededly legal; thus a demand for their possession, and a refusal to deliver, was necessary. (*MacDonnell* v. *Buffalo L., T. & S. D. Co.,* 193 N. Y. 92.) The learned trial court found that three demands had been made and refused, one by letter wherein plaintiff claimed to have demanded that defendant advertise the horse Tea Caddy for sale, which he says was not done. The second, in a conversation at Belmont Park, N. Y., and the third at Saratoga. Plaintiff quotes the defendant as replying at Belmont Park that he would take care of the matter. He gives two versions in reference to the Saratoga conversation, one that defendant made substantially the same answer as at Belmont Park, the other that defendant shrugged his shoulders and did not answer. Neither the conduct nor the words so imputed to the defendant are sufficient to support a conversion action. The horses at all times were in Kentucky. Plaintiff maintained no stable. There was no place where he ordinarily kept his horses. Defendant had no information as to the place where plaintiff wished the horses delivered. Even if the demand was not thus defective, defendant was not required to select the manner of transportation and pay the expense. Four other horses belonging to plaintiff, at his request, have been shipped by the defendant to a destination named by plaintiff. Definite instructions as to method and time of transportation and destination were given by letter or telegram. A request or demand as testified to by the plaintiff, made several hundred miles away from the

chattel involved is not sufficient. (*Dunlap* v. *Hunting*, 2 Den. 643; *Richards* v. *Pitts Agricultural Works*, 37 Hun, 1; *Fry* v. *Clow*, 50 id. 574; *Parmenter* v. *American Box Machine Company*, 44 App. Div. 47; appeal dismissed, 162 N. Y. 648.)   The complaint should be dismissed.   In view of this determination, no discussion of damages awarded or of other issues raised is necessary.

Van Kirk, P. J., Hinman, Davis and Whitmyer, JJ., concur.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.

The court disapproves of findings of fact numbered four, seven, eight, nine, ten and eleven, and such facts as are stated as conclusions of law; and makes the following new finding: That demand was not made before commencing the action.