■ APEX RIBBON CO., INC., Respondent, v. KNITWEAR SUPPLIES, INC., et al., Appellants.— Order, entered June 19, 1964, granting partial summary judgment to plaintiff and directing a severance of certain causes of action unanimously reversed on the law, with $30 costs and disbursements to appellants to abide the event and motion denied. The amended complaint herein alleges that plaintiff delivered to defendant, Knitwear Supplies, Inc., a quantity

of merchandise on consignment; that defendant has failed to pay for a portion of the merchandise or to return it although demand therefor has been made. The answer denies most of these allegations and specifically denies that any demand had been made for the return of the unsold merchandise. " The rule that one who comes lawfully into possession of property cannot be charged with conversion thereof until after a demand and refusal is too well established to justify extended discussion." (*MacDonnell* v. *Buffalo Loan, Trust & Safe Deposit Co.*, 193 N. Y. 92, 101; *Shea* v. *Chinn*, 223 App. Div. 476, 477.) The moving papers herein contain no factual statements showing a demand for the return of the goods and refusal to comply therewith. There is only a repetition of the conclusory allegation set forth in the complaint. Such defect prevents the granting of summary judgment. In passing it should be noted that the order herein grants plaintiff summary judgment against defendant, Broadway Thread, Inc., in the sum of $800.77. Such relief was sought in the notice of motion but was not discussed or apparently passed upon by Special Term. That action originated in Civil Court and plaintiff's prior motion in that court for summary judgment was denied. Subsequently an order was made consolidating that action with this one. It appears from the moving papers that defendant, Broadway Thread, Inc., contends that the delivery of merchandise to it was pursuant to the consignment agreement between plaintiff and defendant, Knitwear Supplies, Inc. We conclude that triable issues are presented in the former Civil Court action that prevent the granting of summary judgment to plaintiff. Concur — Breitel, J. P., Rabin, McNally, Steuer and Bastow, JJ.