■ CARMINE MARTINO et al., Appellants, v ROBERT J. KASCHAK, Respondent, et al., Defendant. [617 NYS2d 529] —In an action to recover damages for legal malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered April 15, 1993, which, upon an order of the same court, dated March 16, 1993, granting the defendant Robert J. Kaschak's motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a release on the ground that he or she did not read it or know its contents *(see, Pimpinello v Swift & Co.,* 253 NY 159; *Touloumis v Chalem,* 156 AD2d 230). Thus, " 'a party will not be excused from his failure to read and understand the contents' of a release' " *(Sofio v Hughes,* 162 AD2d 518, 519), and a party who signs a release without any valid excuse for having failed to read it is conclusively bound by its terms *(Gillman v Chase Manhattan Bank,* 73 NY2d 1, 11; *Sofio v Hughes, supra).*

Contrary to the plaintiffs' contentions, the plaintiff Carmine Martino's unsubstantiated claim that he executed the release in question without reading it because a secretary in the office of his recently discharged attorney had told him that the document was merely a receipt indicating that his legal files had been returned to him is insufficient to excuse his alleged failure to read the document. The release clearly and unambiguously released the defendant Robert J. Kaschak, as well as the plaintiffs' recently discharged attorney, from "all actions, causes of action, suits * * * claims, and demands whatsoever" that the plaintiffs might have had against them, and it is undisputed that the plaintiffs' new attorney was provided

with a copy of the release prior to its execution. Moreover, the plaintiffs have failed to raise a triable issue of fact with regard to whether the release was procured by duress, illegality, fraud, or mutual mistake *(see, Mangini v McClurg,* 24 NY2d 556; *L & K Holding Corp. v Tropical Aquarium,* 192 AD2d 643; *Stone v National Bank & Trust Co.,* 188 AD2d 865). Accordingly, the Supreme Court properly dismissed the complaint on the ground that the plaintiffs' claims are barred by the release *(see, Mergler v Crystal Props. Assocs.,* 179 AD2d 177).

We have examined the plaintiffs' remaining contentions, and find that they are without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.