■ CONNIE GIURDANELLA, Respondent, v ROBERT GIURDANELLA et al., Appellants. [640 NYS2d 211] —In an action, *inter alia,* to recover damages for fraud, the defendants appeal from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated June 21, 1994, which, upon a jury verdict in favor of the plaintiff and against the defendants Robert Giurdanella, Four Guds Realty Corp., 432 East 11th Street Corp., and Fraclac Realty Corp., in the principal sum of $300,000 and upon an order of the same court dated April 14, 1994, denying their motion pursuant to CPLR 4404 to set aside the verdict, is in favor of the plaintiff and against the defendants Robert Giurdanella, Four Guds Realty Corp., 432 East 11th Street Corp., and Fraclac Realty Corp., in the principal sum of $300,000.

Ordered that the appeals of the defendants Giurdanella Brothers, Inc., Bella Tile Corp., Giurdanella Contracting Corp., and Giurdanella Contracting are dismissed, since those defendants are not aggrieved by the judgment (*see,* CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the law, the motion to set aside the verdict is granted, and the complaint is

dismissed insofar as it is asserted against the remaining defendants; and it is further,

Ordered that the remaining defendants are awarded one bill of costs.

Viewing the evidence in a light most favorable to the plaintiffs (see, *Jay Realty v Gross,* 204 AD2d 274, 276; *Xenakis v Vorilas,* 166 AD2d 586, 586-587), it is legally insufficient to establish all of the elements of a fraud cause of action. In order to establish a prima facie case of fraud, the plaintiff must establish (1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations (see, *Matter of Garvin,* 210 AD2d 332, 333; *113-14 Owners Corp. v Gertz,* 123 AD2d 850, 851; *Green v Leibowitz,* 118 AD2d 756, 758; 60 NY Jur 2d, Fraud and Deceit, § 223).

The plaintiff, Connie Giurdanella, testified at trial that the appellant Robert Giurdanella represented that her 50% interest in certain properties was valued at $700,000 and that she relied on his representation to her detriment when she transferred her interest in the properties to him for that sum. However, Connie also testified that she did not initially accept Robert's offer because she believed that the properties were worth more money. Essentially, Connie's testimony was that she accepted Robert's offer after it was clear that Robert would not raise his offer. Accordingly, the plaintiff failed to establish that she justifiably relied on Robert's representation of the value of the property, an essential element of a fraud cause of action. Therefore, the Supreme Court erred when it denied the motion to set aside the verdict.

In light of our determination, we need not reach the appellants' remaining contentions. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.