**TELEFLEX INCORPORATED,** Sermatech International Incorporated, and Sermatech Engineering Group, Inc. (f/k/a Sermatech Acquisition, Inc.), Plaintiffs,

v.

**COLLINS & AIKMAN PRODUCTS COMPANY, INC.,** (f/k/a Collins & Aikman Group, Inc.), Collins & Aikman Corporation, Edward S.G. Hicks, Jr., a/k/a Gunnar Hicks, and Nabil Hansen, Defendants.

Civ. No. 3:96CV352.

United States District Court, D. Connecticut.

Dec. 3, 1996.

Enid R. Stebbins, David R. Moffitt, John F. Stoviak, Allison L. Parlin, Saul, Ewing, Remick & Saul, Philadelphia, PA, Anthony M. Fitzgerald, Ann H. Rubin, Carmody & Torrance, New Haven, CT, for Plaintiffs.

David G Mandelbaum, Harry W. Weiss, David J. Armstrong, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Joseph D. Garrison, Garrison, Phelan, Levin-Epstein & Penzel, New Haven, CT, Kevin C. Beuttenmuller, Rucci, Burnham, Carta & Edelberg, Darien, CT, Donald J. Beutenmuller, Jr., Gunster, Yoakley, Valdes-Fauli & Stewart, West Palm Beach, FL, for Defendants.

GOETTEL, District Judge.

After careful review and in the absence of opposition the ruling is ratified, affirmed and adopted as the Court's. The Clerk will enter judgment dismissing the action.

*RECOMMENDED RULING ON MOTION TO DISMISS BY DEFENDANT COLLINS & AIKMAN PRODUCTS COMPANY, INC.*

SMITH, United States Magistrate Judge.

## I. INTRODUCTION

This is a case about fraud. In 1993 the parties to this action entered into an agreement for the purchase and sale of several business sites. The purchasers, plaintiffs here, allege they were induced to sign the agreement by defendants' fraudulent misrepresentations. Plaintiffs do not seek to rescind the agreement; rather, they affirm it, seek monetary damages and claim defendants' alleged fraud vitiates limitations on liability contained in the Agreement. There are several defendants named in this action.[1] They have, however, filed separate dispositive motions, and the court addresses itself here primarily to the motion to dismiss (Document No. 11) filed by Collins & Aikman Products Company, Inc.

## II. DISCUSSION

### A. Background

The plaintiffs in this action are Teleflex Incorporated, Sermatech International Incorporated, and Sermatech Engineering Group (f/k/a Sermatech Acquisition, Inc). On March 24, 1993, they signed an acquisition agreement (the Agreement) with the defendants to purchase several manufacturing facilities located in Connecticut, Florida, Canada, the United Kingdom and France.

Their complaint can be summarized as follows: Defendants—in the Agreement itself, in other documents provided at the closing and orally at the closing—made fraudulent misrepresentations about environmental conditions at several of the transferred sites.

---

1. Defendants in this action are Collins & Aikman Products Company, Inc. (f/k/a Collins & Aikman Group, Inc.), Collins and Aikman Corporation, Edward S.G. Hicks, Jr. (a/k/a Gunnar Hicks) and Nabil Hansen.

Plaintiffs, relying upon these fraudulent misrepresentations, signed the Agreement, assumed environmental liabilities under CERCLA[2] contained therein, and suffered damages. Also, by the terms of the Agreement, they waived all causes of action save those expressly provided for in the Agreement. Plaintiffs now, arguing that defendants' fraud renders the waivers invalid, seek to assert various common law and statutory claims.

Defendant Collins and Aikman Products Company, Inc. (hereinafter CAP) has filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.[3] CAP claims plaintiffs' waivers of noncontractual claims are valid, and, therefore, the only cause of action plaintiffs can rightfully assert is one for breach of the Agreement. Moreover, defendant notes that subject matter jurisdiction in this case hinges upon violations of CERCLA alleged in counts one and two of the complaint; counts three through seven are before this court on supplemental jurisdiction. If the court determines that the CERCLA claims should be dismissed, then, defendant's argument goes, the remainder of the complaint must be dismissed for lack of subject matter jurisdiction.

## B. Standard for a Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "merely ... assess[es] the legal feasibility of the complaint, [it does] not ... assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). In deciding a motion to dismiss, "the court 'must accept the material facts alleged in the complaint as true,'" *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995) (citing *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994)), and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must

determine whether the plaintiff has stated a claim upon which relief may be granted. *Fischman v. Blue Cross Blue Shield*, 755 F.Supp. 528 (D.Conn.1990). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hospital*, 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. at 1684–85).

## C. Analysis

The Agreement allocates to plaintiffs the risk of loss associated with prospective environmental claims. Under Article IV of the Agreement, captioned "Assumed Liabilities," plaintiffs agree to assume liability for conduct of the defendants (prior to the closing) alleged to constitute violation of any "requirement of any domestic or foreign statute, law, ordinance, rule or regulation ('Law') of any domestic or foreign court, government, governmental agency, authority, entity or instrumentality, including without limitation, CERCLA and such other of the foregoing as relate to environmental, superfund or other environmental cleanup or remedial laws...." Agreement at subsection 4.1(b)(vi).

Section 8.2 of the Agreement is captioned "Limitations on Liability," and subsection 8.2(d) includes the following language:

> [E]ach of the parties to this Agreement hereby ... waives any claim or cause of action which it otherwise might assert, including without limitation under the common law or federal or state securities, trade regulation, environmental or other Laws, by reason of this Agreement, the

---

2. Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601–9657.

3. Defendant also moves, in the alternative, for partial summary judgment; for reasons stated herein the court need not address defendant's motion for partial summary judgment.

events giving rise to this Agreement and the transactions provided for herein or contemplated hereby or thereby ..., except for claims or causes of action brought under and subject to the terms and conditions of this Article VIII and for claims or causes of action that are or may be brought under this Agreement to enforce the covenants of the respective parties set forth in this Agreement. . . .

Agreement at subsection 8.2(d). Plaintiffs maintain defendant's alleged fraud in the inducement renders the waiver of environmental (including CERCLA) claims invalid.[4] However plaintiffs' fraud claim is a common law claim, and, as noted, plaintiffs have waived common law claims in the Agreement. Therefore, to determine whether defendant's alleged fraud renders plaintiffs' waiver of CERCLA claims invalid, the court must first determine whether plaintiffs' waiver of common law claims precludes them from now alleging fraud in the inducement. This threshold fraud question must be resolved under New York state law.[5]

### 1. Fraud claims

 Defendant insists that the terms of the Agreement exonerate it from liability for common law fraud.[6] However,

an exculpatory agreement, no matter how flat and unqualified its terms, will not exonerate a party from liability under all circumstances. Under announced public policy, it will not apply to exemption of willful or grossly negligent acts. More pointedly, an exculpatory clause is unenforceable when, in contravention of acceptable notions of morality, the misconduct

for which it would grant immunity smacks of intentional wrongdoing. This can be explicit, as when it is fraudulent, malicious or prompted by the sinister intention of one acting in bad faith. Or, when, as in gross negligence, it betokens a reckless indifference to the rights of others, it may be implicit.

(citations omitted) *Kalisch–Jarcho, Inc. v. City of New York,* 58 N.Y.2d 377, 384–85, 461 N.Y.S.2d 746, 448 N.E.2d 413, (N.Y.1983); *Lago v. Krollage,* 78 N.Y.2d 95, 99–100, 571 N.Y.S.2d 689, 575 N.E.2d 107 (N.Y.1991). Furthermore, "[a] release, even though properly executed, may, nonetheless be void." *Bloss v. Va'ad Harabonim of Riverdale,* 203 A.D.2d 36, 610 N.Y.S.2d 197, 198 (1994). And "[w]here fraud or duress in the procurement of a release is alleged, a motion to dismiss should be denied." (citations omitted) *Id.* To make out a prima facie fraud case, plaintiffs must show "(1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations and (4) that the plaintiff was injured as a result of the defendant's representations." (citations omitted) *Giurdanella v. Giurdanella,* 226 A.D.2d 342, 640 N.Y.S.2d 211, 212 (1996).

Treating the allegations in the complaint as true, and construing the facts in a light most favorable to the nonmoving party as the court must, it is abundantly clear that plaintiffs have pled sufficient facts for their fraud claim to survive the motion to dismiss.[7]

---

**4.** Plaintiffs do not contend that the waiver of "environmental" claims does not include CERCLA claims. *See infra* p. 372.

**5.** "This Agreement and the legal relations among the parties hereto will be governed by and construed in accordance with the substantive Laws of the State of New York, without giving effect to the principles of conflicts of laws thereof." Agreement at subsection 10.11.

**6.** Defendant CAP's motion to dismiss at 17–18.

**7.** Defendant claims that plaintiffs could not have justifiably relied on any alleged misrepresentation made prior to closing because such reliance has been disclaimed in the Agreement. *Danann*

*Realty Corp. v. Harris,* 5 N.Y.2d 317, 319, 184 N.Y.S.2d 599, 157 N.E.2d 597 (N.Y.1959). Indeed, the Agreement provides that "no party has relied or will rely upon any document or written or oral information previously furnished to or discovered by it or its representatives, *other than this Agreement or such of the foregoing as are delivered at the Closing.*" (emphasis added) Agreement at subsection 5.3(a)(I). But neither this provision of the Agreement nor *Danann* are dispositive of the reliance issue, for plaintiffs have alleged that they relied on representations in the Agreement itself, documents provided to them at the closing and representations made to them at the closing. Complaint at ¶¶ 47–51, ¶¶ 61–65, ¶¶ 79–82, ¶¶ 86–92, ¶¶ 127–131.

Therefore, under New York law,[8] plaintiffs may assert a claim for fraud in the inducement despite their waiver of common law claims in the Agreement; and the court now turns to whether defendant's alleged fraud enables plaintiffs to sidestep their waiver of CERCLA claims.

### 2. CERCLA claims

■ "Private parties may contractually allocate among themselves any loss they may suffer by the imposition of CERCLA liability." (citations omitted), *Keywell Corp. v. Weinstein*, 33 F.3d 159, 165 (2d Cir.1994). And, "[w]hile it is clear that federal law governs the validity of releases of federal causes of action ... [courts should] *look to state law to provide the content of federal law.*" (citations omitted) (emphasis added) *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir.1993). Whatever meaning one might otherwise attach to this fluid directive, in *Olin* it appears to have meant that although private parties may, under federal law, contractually allocate CERCLA liability, the breadth of clauses purporting to do so, and the intent of the parties, will be interpreted under state law.[9]

■ However, the breadth of plaintiffs' waiver is not at issue here. Plaintiffs do not argue, nor should they, that their waiver of "environmental" claims in subsection 8.2(d) does not include CERCLA claims. Subsection 4.1(b)(vi) illustrates plaintiffs' intent to assume potential CERCLA liability, and the waiver contained in subsection 8.2(d) evidences that assumption. In cases like this one—where 1.) the intent of the parties is clear, 2.) the breadth of the provision allocat-

ing CERCLA liability is not disputed and 3.) the injured party affirms the contract—*federal law* dictates that courts enforce releases of CERCLA liability. *Keywell*, 33 F.3d at 165 citing *Purolator Products Corp. v. Allied–Signal, Inc.*, 772 F.Supp. 124, 130–31 (W.D.N.Y.1991).

And federal law makes equally clear that defendant's alleged fraud does not vitiate the otherwise valid waiver. In *Keywell*, a purchaser alleging fraud in the inducement sought to avoid enforcement of an indemnity clause that released officers of the seller company from liability after a two-year period. As here, the purchaser in *Keywell* elected to affirm rather than rescind the contract and sought damages under CERCLA. The court wrote: "Keywell's election to affirm the contract rather than seek rescission impacts Keywell's rights to avoid contractual limitations on damages for breach of representations and warranties. These limitations have an important bearing on Keywell's CERCLA claims." *Keywell*, 33 F.3d at 165.

> [A]s Keywell has not sought rescission and has elected instead to affirm the Purchase Agreement, Keywell is bound by all of its terms (including the allocation of CERCLA liability), and may only recover fraud damages. We affirm the district court's dismissal of CERCLA claims ... because we find the Purchase Agreement unambiguously demonstrates the parties' intent to allocate their liability under CERCLA....

*Keywell*, 33 F.3d at 163. Thus, in *Keywell*, the Second Circuit spoke plainly and forcibly on the precise issue presented here; having elected to affirm the agreement, plaintiffs may not now "selectively and belatedly re-

---

**8.** The result would be no different under federal law. Defendants may not "use contractual limitation of liability clauses to shield themselves from *liability for their own fraudulent* conduct." (citation omitted) (emphasis added) *Turkish v. Kasenetz*, 27 F.3d 23, 28 (2d Cir.1994).

**9.** "Once it is determined that indemnification clauses, in general, are enforceable between private parties in a CERCLA suit, the specific clauses at issue in the case must be interpreted in order to determine whether these clauses do in fact address and allocate CERCLA liability. A

threshold determination is whether state or federal common law governs interpretation of contractual provisions that purport to indemnify against, or release, CERCLA liability." *Olin Corp. v. Consolidated Aluminum Corp.*, 807 F.Supp. 1133, 1139 (S.D.N.Y.1992),*aff'd in part, vacated in part, Olin Corp. v. Consolidated Aluminum*, 5 F.3d 10, (2d Cir.1993). In what the Second Circuit later called a "well-reasoned" and "thoroughly explained" analysis, United States District Judge Edelstein concluded that state law should govern the interpretation of such clauses. *Id.* at 1139–1140.

scind isolated provisions" of it.[10] *Keywell,* 33 F.3d at 166.

Finally, plaintiffs' attempts to distinguish *Keywell* are not persuasive. They argue that "[u]nlike the plaintiff in *Keywell,* they were not provided with a two-year grace period following closing to verify the accuracy of representations and warranties made in the sale."[11] As defendant correctly notes, "[t]he Keywell court ... did not find the two year period dispositive of the question whether plaintiff waived its CERCLA claims."[12]

There is, however, one interesting distinction between *Keywell* and this case which is not raised by plaintiffs. In *Keywell,* the court of appeals was reviewing a district court order granting summary judgment, not a motion to dismiss. Thus, presumably, the court had before it a thoroughly developed record. Here, the motion is one to dismiss, and though the pleadings to date are voluminous, the record cannot be described as thoroughly developed. It is, however, sufficiently developed. Therefore, this distinction notwithstanding, the result reached in *Keywell,* where, as here, the purchaser affirmed the agreement, alleged fraud in the inducement and sought damages, is painfully on point; and it leads unavoidably to a conclusion in defendant's favor.

This is not to say the court is insensitive to the situation in which plaintiffs now find themselves. If the allegations in the complaint are true, defendants lied about known environmental conditions, put those lies in writing, then—based upon those lies—induced plaintiffs to waive environmental (CERCLA) claims. *Keywell* suggests plaintiffs here have a choice: 1.) rescind the Agreement—a sophisticated deal which was foul months in the making—or, 2.) affirm it, live by all of it, provisions, and sue the defendants for fraud. On its face, the choice is palatable. But it sours quickly in light of the police objectives underlying CERCLA, and the probable impact of such reasoning on future transactions of this kind.

"Congress enacted CERCLA with the expansive, remedial purpose of ensuring 'that those responsible for any damage, environmental harm, or injury from chemical poisons bear the cost of their actions.'" *Schiavone v. Pearce,* 79 F.3d 248, 253 (2d Cir.1996) citing S.Rep. No.848, 96th Cong., 2d Sess. 13 (1980), reprinted in 1980 U.S.C.A.A.N 6119, 6119 and in 1 CERCLA, Legislative History at 320 (1980). Arguably, leaving defrauded purchasers to resort to costly fraud litigation for environmental costs does little to advance these objectives. Worse yet, permitting polluters to insulate themselves from CERCLA liability by way of their own well-orchestrated fraud promotes a business climate in which dishonesty and deceit reign supreme. And were it not for *Keywell* these are the concerns that would likely steer the court.

### III. AVAILABILITY OF REVIEW

Either party may seek review of this report and recommendation as provided in 28 U.S.C. § 636(b) (stating that written objections to a recommended ruling must be filed within ten days of service of the same); Fed. R.Civ.P. 6(a), 6(e) and 72, and Rule 2 of the Local Rules for United States Magistrate Judges (D.Conn.). Failure to object in a timely manner may preclude further review. *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir. 1989).

### IV. CONCLUSION

Plaintiffs' waiver of common law claims in the Agreement does not prevent them from pursuing an action for fraud, but they may not do so in this court. After careful consideration, and in light of the plain directives set forth in *Keywell,* the court concludes that counts one and two of plaintiffs' complaint—the CERCLA counts—fail to state a claim upon which relief might be granted. Defendant's motion to dismiss (Document No. 11)

---

**10.** However, as noted, to the extent subsection 8.2(d) of the Agreement is a waiver of common law fraud claims, it is invalid.

**11.** Plaintiffs' memorandum in opposition to motion to dismiss by defendant CAP at 33.

**12.** Defendant's reply memorandum in support of motion to dismiss at 7; *Keywell,* 33 F.3d at 165–66.

these counts pursuant to Fed.R.Civ.P. 12(b)(6) is **GRANTED.** Since subject matter jurisdiction hinges on the CERCLA claims, this court lacks jurisdiction over counts three through seven; and defendant's motion to dismiss (Document No. 11) these counts pursuant to Fed.R.Civ.P. 12(b)(1) is also **GRANTED.**

Finally, the dismissal of CERCLA claims is effective as to both Collins and Aikman Products Company, Inc. and Collins and Aikman Corporation. Therefore, the court need not address Collins and Aikman Corporation's motion to dismiss (Document No.9) and it is hereby **DENIED** as moot. Similarly, the court, having determined that it lacks subject matter jurisdiction over counts three through seven, need not address defendant Hick's motions to dismiss (Document Nos. 7 and 14), and they are hereby **DENIED** as moot.

It is so ordered this 12th day of November, 1996 at Hartford, Connecticut.