■ GREEN POINT SAVINGS BANK, Respondent, v PLACID LIFE, INC., et al., Defendants. JAMES L. SCOTT, Nonparty Appellant. (Action No. 1.) JAMES L. SCOTT, Appellant, v RAUL MARTINEZ et al., Defendants, and GREEN POINT SAVINGS BANK, Respondent. (Action No. 2.) [708 NYS2d 313] —In two related actions to foreclose a mortgage (Action No. 1) and, *inter alia,* to declare the rights of the parties under the mortgage (Action No. 2), James Lewis Scott, the plaintiff in Action No. 2, appeals from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), entered February 3, 1998, which granted that branch of the motion of the Green Point Savings Bank, a defendant in Action No. 2, which was for summary judgment dismissing the complaint in that action insofar as asserted against it, and declared that the mortgage was valid, and (2) an order of the same court, entered February 4, 1998, which granted that branch of the motion of Green Point Savings Bank which was to vacate a stay of all proceedings in Action No. 1.

Ordered that the order and judgment and the order are affirmed, with one bill of costs.

James Lewis Scott, the plaintiff in Action No. 2, contends that he signed a quitclaim deed to the subject property conveying it to Placid Life, Inc., based upon misrepresentations that it was merely a "copy" of a deed to his property. He claims that the deed is void because its contents were misrepresented to him. Although there are situations where an instrument will be deemed void because the signer was unaware of the nature of the instrument he or she was signing (*see, Pimpinello v Swift & Co.,* 253 NY 159; *Caccioppoli v Lemmo,* 152 App Div 650), Scott acknowledges he was aware that he was signing what appeared to be a deed, and the nature of the document was apparent.

Scott's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.