In an action, inter alia, for a judgment declaring that the plaintiff is the beneficial owner of 20% of the shares of the stock in the defendant, Blue & White Food Products Corp., and to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 18, 2008, as denied that branch of his motion pursuant to CPLR 3025 (b) which was for leave to amend the complaint to add a sixth cause of action to recover damages for conversion.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs motion which was for leave to amend the complaint to add a sixth cause of action to recover damages for conversion. A motion for leave to amend a pleading will be freely granted, unless the amendment is palpably insufficient or patently devoid of merit (see Lucido v Mancuso, 49 AD3d 220 [2008]).
The plaintiffs claim that the defendant exercised unauthorized dominion and control over his machinery and equipment to the exclusion of his rights is palpably insufficient to state a cause of action (see Smith-Hoy v AMC Prop. Evaluations, Inc., 52 AD3d 809 [2008]), since it did not allege that a demand was made for the return of the machinery and equipment, and that the defendant refused to return it or disposed of the machinery and equipment (see Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [1995]; Bernstein v La Rue, 120 AD2d 476, 477 [1986]; Johnson v Gumer, 94 AD2d 955 [1983]; Apex Ribbon Co. v Knitwear Supplies, 22 AD2d 766, 767 [1964]). Furthermore, the plaintiffs claim that the defendant exercised unauthorized dominion and control over his purported interest in the defendant’s business merely restates his cause of action to recover damages for breach of contract and did not allege a separate taking (see Hochman v LaRea, 14 AD3d 653, 655 [2005]; *762 Hassett-Belfer Senior Hous. v Town of N. Hempstead, 270 AD2d 306, 307 [2000]; Wolf v National Council of Young Israel, 264 AD2d 416, 417 [1999]; Priolo Communications v MCI Telecom. Corp., 248 AD2d 453, 454 [1998]). Since the insufficiency and lack of merit of the plaintiffs proposed amendment are clear and free from doubt, the plaintiffs motion was properly denied (see Scofield v DeGroodt, 54 AD3d 1017 [2008]).
The plaintiffs remaining contention was not raised before the Supreme Court and, therefore, is not properly before us. Fisher, J.E, Lifson, Covello, Balkin and Belen, JJ., concur.