Candice Cash et al., Appellants-Respondents, v Titan Financial Services, Inc., et al., Defendants, Fremont Investment & Loan, Respondent, and Stephen J. Caputo et al., Respondents-Appellants. [873 NYS2d 642]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated November 9, 2007, as granted those branches of the motion of the defendant Fremont Investment & Loan which were for summary judgment dismissing the causes of action alleging fraud, conspiracy to defraud, and violation of General Business Law § 349 insofar as asserted against it, and granted that branch of the separate motion of the defendants Stephen J. Caputo and Stephen J. Caputo, P.C., which was for summary judgment dismissing the cause of action alleging violation of General Business Law § 349 insofar as asserted against them, and the defendants Stephen J. Caputo and Stephen J. Caputo, P.C., cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging fraud, conspiracy to defraud, conversion, and breach of fiduciary duty insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Stephen J. Caputo and Stephen J. Caputo, P.C., which were for summary judgment dismissing the causes of action alleging fraud, conspiracy to defraud, and conversion insofar as asserted against them and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Fremont Investment & Loan payable by the plaintiffs.

The plaintiffs commenced this action, inter alia, to recover damages for fraud and to set aside the deed to certain property, claiming, in essence, that the defendants acted together to fraudulently procure the deed by, among other things, misrepresenting to them that, in signing certain papers, they were refinancing their mortgages with respect to the property when, in fact, they were selling the property to the defendant John Doe, also known as Guy Sessions, also known as Neil Greenberg (hereinafter Sessions). According to the plaintiffs, as a result of the defendants' fraudulent scheme, the plaintiffs lost their prop-

erty as well as the equity that they had built up in the property. The plaintiffs asserted causes of action alleging, inter alia, fraud, conspiracy to defraud, conversion, and breach of fiduciary duty, as well as one alleging violation of General Business Law § 349 (deceptive trade practices).

The defendant Fremont Investment & Loan (hereinafter Fremont), which funded the loan to Sessions as buyer of the property in exchange for a mortgage on the property, moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted that branch of Fremont's motion. The defendants Stephen J. Caputo and Stephen J. Caputo, P.C. (hereinafter together the Caputo defendants), who acted as Fremont's attorney with respect to the subject transaction, and also as the settlement agent with respect to the transaction, separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the Caputo defendants' motion which was for summary judgment dismissing the cause of action alleging violation of General Business Law § 349, and denied those branches of the Caputo defendants' motion which were for summary judgment dismissing the causes of action alleging fraud, conspiracy to defraud, conversion, and breach of fiduciary duty.

The Supreme Court should have granted that branch of the Caputo defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action alleging conspiracy to defraud insofar as asserted against them, since "a mere conspiracy to commit a [tort] is never of itself a cause of action" (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986] [internal quotation marks and citation omitted]). Rather, "[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort" (*id.*). The Supreme Court properly granted that branch of Fremont's motion which was for summary judgment dismissing the cause of action alleging conspiracy to defraud insofar as asserted against it.

The Supreme Court also should have granted that branch of the Caputo defendants' motion which was for summary judgment dismissing the cause of action alleging fraud insofar as asserted against them. In essence, the plaintiffs alleged that the Caputo defendants and Fremont aided and abetted the other defendants in committing a fraud against them. However, in order to establish that the Caputo defendants and Fremont aided and abetted the other defendants in committing the fraud, the plaintiffs must establish, inter alia, that a fraud in fact was

committed (*see National Westminster Bank v Weksel*, 124 AD2d 144, 149 [1987]). "In order to establish a prima facie case of fraud, the plaintiff must establish (1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations" (*Giurdanella v Giurdanella*, 226 AD2d 342, 343 [1996]). Here, the plaintiffs' cause of action alleging fraud appears to be one of fraud in the factum rather than fraud in the inducement, since they are claiming they were misled by the defendants to sign certain documents which turned out to be of an entirely different nature and character from what they thought they were signing (*see First Natl. Bank of Odessa v Fazzari*, 10 NY2d 394, 397 [1961]; *Whitehead v Town House Equities, Ltd.*, 8 AD3d 367, 368 [2004]; *Dalessio v Kressler*, 6 AD3d 57, 61 [2004]; *Mix v Neff*, 99 AD2d 180, 182 [1984]; *Gallinger v Commercial Cas. Ins. Co.*, 224 App Div 631, 633 [1928]).

However, "[a] party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents" (*Martino v Kaschak*, 208 AD2d 698, 698 [1994]; *see Lavi v Hamedani*, 234 AD2d 428 [1996]; *Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta.*, 30 AD2d 952 [1968]). While it is true that "there are situations where an instrument will be deemed void because the signer was unaware of the nature of the instrument he or she was signing" (*Green Point Sav. Bank v Placid Life*, 272 AD2d 441, 441 [2000]), such as where "the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger" (*Pimpinello v Swift & Co.*, 253 NY 159, 163 [1930]), here, the Caputo defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging fraud insofar as asserted against them by submitting excerpts from the deposition testimony of the plaintiff Candice Cash, who was present at the closing on behalf of both plaintiffs. Cash testified that she has an eleventh grade education, that she can read and write English, that she was neither prevented from reading the closing documents, nor told not to read them, or forced to sign them, that she was not suffering from any mental or physical disability at the time of the closing that prevented her from reading the documents prior to signing them, but that she nonetheless signed all of the closing documents without reading them.

In opposition to the Caputo defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the Caputo defendants' motion which was for summary judgment dismissing the cause of action alleging fraud insofar as asserted against them. In that regard, because the plaintiffs predicated their cause of action alleging fraud insofar as asserted against Fremont on the theory that the Caputo defendants' allegedly fraudulent conduct should be imputed to Fremont under traditional agency principles, the Supreme Court properly granted that branch of Fremont's motion which was for summary judgment dismissing the cause of action alleging fraud insofar as asserted against it.

The Supreme Court also should have granted that branch of the Caputo defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action alleging conversion insofar as asserted against them. Proof of a demand for the return of the subject property "is an essential ingredient in a conversion action" (*Tache-Haddad Enters. v Melohn*, 224 AD2d 213, 213 [1996]; *see Apex Ribbon Co. v Knitwear Supplies*, 22 AD2d 766, 767 [1964]). Here, the Caputo defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging conversion insofar as asserted against them by submitting excerpts of Cash's deposition testimony, in which she expressly admitted that she never asked Stephen J. Caputo for the loan proceeds from the subject transaction that form the basis of the cause of action alleging conversion insofar as asserted against the Caputo defendants. In opposition to the Caputo defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court should have granted that the branch of the Caputo defendants' motion which was for summary judgment dismissing the cause of action alleging conversion insofar as asserted against them.

However, the Supreme Court properly denied that branch of the Caputo defendants' motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against them. "An escrow agent . . . becomes a trustee of anyone with a beneficial interest in the trust with the duty not to deliver the escrow to anyone except upon strict compliance with the conditions imposed. Thus, an escrow agent can be held liable for . . . breach of fiduciary duty as escrowee" (*Takayama v Schaefer*, 240 AD2d 21, 25 [1998] [internal quotation marks and citations omitted]).

Here, the Caputo defendants acted as the settlement agent with respect to the subject transaction and, in that capacity, were responsible for the distribution of the loan proceeds. The Caputo defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against them based upon Stephen J. Caputo's averment, in his supporting affidavit, that he disbursed all of the loan proceeds in accordance with the plaintiffs' direction and with their authorization. However, in opposition to the Caputo defendants' prima facie showing, the plaintiffs raised a triable issue of fact as to whether Stephen J. Caputo breached his fiduciary duty as escrowee based upon Cash's averment, in her opposing affidavit, that she never authorized him to distribute approximately $77,000 of the loan proceeds to the defendant USA Equities & Investment Corp. rather than to the plaintiffs.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.