■ NANCY NEWCOMB, Appellant, v LEWIS SIMS, Respondent. [882 NYS2d 222]—

In an action, inter alia, to impress an equitable mortgage upon real property with priority over all other mortgages and liens, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 26, 2008, as granted those branches of the defendant's motion which were, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (1) and to direct the cancellation of the notice of pendency filed against the property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (1). A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be appropriately granted where documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Zeld Assoc., Inc. v Marcario*, 57 AD3d 660 [2008]; *McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647 [2008]). Here, documentary evidence consisting of a transcript of an open-court stipulation, and a settlement agreement executed by the parties, refuted the plaintiff's claim that she was entitled to a first mortgage on the subject property to secure an obligation owed by her late father's estate. Although the open-court stipulation and settlement agreement required the defendant executor to provide security for the estate's obligation to the plaintiff, they also afforded the executor the discretion to determine the form of security that the plaintiff is to receive. Since the documentary evidence demonstrated that the parties did not unequivocally intend that the subject property serve as security for the estate's obligation to the plaintiff, with priority over all other mortgages and liens, the plaintiff was not entitled to the imposition of an equitable mortgage holding such priority (*see Tornatore v Bruno*, 12 AD3d 1115, 1117 [2004]; *Mailloux v Spuck*, 87 AD2d 736, 737 [1982]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.