◼ EKATERINA REZNIKOV et al., Appellants, v PAUL WALOWITZ et al., Respondents. [882 NYS2d 451]—

In an action, inter alia, to permanently enjoin the defendants from interfering with an easement, the plaintiffs appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated June 5, 2008, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint and denied their cross motion to strike the defendants' affirmative defenses.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action alleging that the

defendants were interfering with their use of an easement. The defendants moved to dismiss the complaint based on documentary evidence and submitted a "Termination/Cancellation of Easement" agreement. The agreement terminated the easement, and was acknowledged and signed by the plaintiffs and the defendants.

"A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be appropriately granted where documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Newcomb v Sims*, 63 AD3d 1022, 1023 [2009]). Here, the documentary evidence submitted by the defendants consisted of the agreement terminating the easement, which was signed by the plaintiffs. Although the plaintiffs claim that they were misled by the defendants to sign a document "which turned out to be of an entirely different nature and character from what they thought they were signing," they were under an obligation to read the document prior to signing it and "a party cannot . . . avoid the effect of a [document] on the ground that he or she did not read it or know its contents" (*Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009] [internal quotation marks omitted]). Accordingly, the documentary evidence submitted by the defendants conclusively established a defense as a matter of law, and the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint (*see Newcomb v Sims*, 63 AD3d 1022 [2009]; *Zeld Assoc., Inc. v Marcario*, 57 AD3d 660 [2008]).

In light of this determination, the plaintiffs' remaining contentions are academic. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.