■ In the Matter of Helen Augustine, Respondent, v BankUnited FSB, Appellant. [905 NYS2d 652]—

In a proceeding, inter alia, pursuant to SCPA 2105, for a decree setting aside a deed and mortgage, BankUnited FSB appeals from an order of the Surrogate's Court, Richmond County (Gigante, S.), dated December 11, 2009, which denied its motion for summary judgment dismissing the petition.

Ordered that the order is reversed, on the law, with costs, and the motion of BankUnited FSB for summary judgment dismissing the petition is granted.

In March 2005 the petitioner executed certain documents, including a deed transferring her interest in the subject real property to the decedent, who died in March 2007. In June 2007 the petitioner commenced this proceeding, inter alia, pursuant to SCPA 2105, for a decree setting aside the deed and a mortgage upon the property which the decedent had obtained from BankUnited FSB (hereinafter BankUnited) in December 2005. The petitioner alleged that the decedent had fraudulently obtained the deed by misrepresenting to her that she was signing a power of attorney form when, in fact, she was conveying

the property to the decedent. The Surrogate's Court denied BankUnited's motion for summary judgment dismissing the petition. We reverse.

A party is under an obligation to read a document before signing it, and cannot generally avoid the effect of the document on the ground that he or she did not read it or know its contents (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]; *Romero v Khanijou*, 212 AD2d 769, 770 [1995]; *Martino v Kaschak*, 208 AD2d 698 [1994]).

Here, BankUnited established its prima facie entitlement to judgment as a matter of law dismissing the petition by submitting excerpts from the deposition testimony of the petitioner and Orlando Marrazzo, Jr., the attorney who prepared the deed. The petitioner's deposition testimony revealed that she could read and understand English, that she recalled signing a document which was, in fact, the deed, and that she handled her own finances. There was no indication that the petitioner was either prevented from reading the transfer documents or forced to sign them, or that she was suffering from any disability at the time of the conveyance that prevented her from reading the documents prior to signing them (*see Cash v Titan Fin. Servs., Inc.*, 58 AD3d at 788). In addition, Marrazzo testified that he explained the purpose of the deed to the petitioner, and that he was present when she signed it.

In opposition to BankUnited's prima facie showing, the petitioner failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Surrogate's Court should have granted BankUnited's motion for summary judgment dismissing the petition. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.