■ FINANCIAL SERVICES VEHICLE TRUST et al., Respondents, v ANDRE H. SAAD, Appellant. (And a Third-Party Action.) [951 NYS2d 216]—

In an action for contractual indemnification, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered August 10, 2011, as denied that branch of his cross motion which was for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 20, 2000, the defendant leased a vehicle from Rallye Motors, which, in turn, assigned the lease to the plaintiff Financial Services Vehicle Trust (hereinafter FSVT). Paragraph 33 of the lease contained an indemnification provision requiring the defendant, as the lessee, to reimburse the lessor, FSVT, for, inter alia, any monetary loss, liability, or expenses caused by the operation or use of the vehicle.

On July 10, 2003, the defendant, while operating the leased

vehicle, was involved in an automobile accident which resulted in the death of two pedestrians. Representatives of the pedestrians' estates commenced two wrongful death actions against, among others, FSVT and the defendant, which were later settled. Subsequently, FSVT and its insurer, Empire Fire And Marine Insurance Company (hereinafter together the plaintiffs), commenced this action against the defendant seeking indemnification pursuant to the lease.

The defendant did not establish his prima facie entitlement to judgment as a matter of law, as he failed to demonstrate that the indemnification provision in the lease was not binding upon him. Although he maintains that he was unaware of the indemnification provision at the time he executed the lease, "[a] party is under an obligation to read a document before signing it, and cannot generally avoid the effect of the document on the ground that he or she did not read it or know its contents" (*Matter of Augustine v BankUnited FSB*, 75 AD3d 596, 597 [2010]; *see Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]; *Reznikov v Walowitz*, 63 AD3d 1134, 1135 [2009]; *Martino v Kaschak*, 208 AD2d 698, 698 [1994]). The defendant also failed to demonstrate his prima facie entitlement to judgment as a matter of law on the alternative ground that the anti-subrogation rule precluded the plaintiffs from seeking indemnification from him (*see Hamilton v Khalife*, 289 AD2d 444, 445-446 [2001]). Accordingly, since the defendant did not establish his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of his cross motion which was for summary judgment dismissing the amended complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.