Daniel Augustin, Appellant, v Park Slope Associates NY, LLC, et al., Respondents. [990 NYS2d 831]—

In an action, inter alia, for a judgment declaring the plaintiff to be the owner of certain real property, in effect, to set aside a deed, and to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 16, 2012, which denied his motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Park Slope Associates NY, LLC, upon that defendant's failure to appear or answer the complaint and, in effect, for summary judgment declaring him to be the owner of certain real property and to set aside a deed, and vacated all stays in the action.

Ordered that the order is affirmed, without costs or disbursements.

We affirm the Supreme Court's denial of the plaintiff's motion, but on grounds different from those relied upon by the Supreme Court. The plaintiff claims that the defendants obtained title to the subject premises from him through fraud. In support of those branches of his motion which were, in effect, for summary judgment declaring him to be the owner of

the subject real property and to set aside a deed, the plaintiff failed to establish a prima facie case of fraud so as to satisfy his initial burden (*see generally Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785 [2009]). In light of the plaintiff's failure to satisfy his prima facie burden, these branches of the plaintiff's motion were properly denied, regardless of the sufficiency of the papers submitted by the defendant Steve Casholo, Inc., in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Moore v Great Atl. & Pac. Tea Co., Inc.*, 117 AD3d 695, 696 [2014]).

That branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Park Slope Associates NY, LLC, also was properly denied. The plaintiff failed to demonstrate his entitlement to enter a default judgment against that defendant (*see GMAC v Minewiser*, 115 AD3d 707 [2014]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.