■ BELKIS ANDERSON, Appellant, v DINKES & SCHWITZER, P.C., et al., Respondents, et al., Defendant. [56 NYS3d 127]—

Appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 3, 2015. The order, insofar as appealed from, granted the motion of the defendants Dinkes & Schwitzer, P.C., William Schwitzer, and Alice Lin for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of the plaintiff's cross motion which was to compel depositions.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003, the plaintiff's then husband, the defendant Yoni Anderson (hereinafter Yoni), retained the defendants Dinkes & Schwitzer, P.C. (hereinafter the Dinkes firm), William Schwitzer, and Michael Kimmelman to represent him in filing a personal injury action (hereinafter the prior action), in which a claim for loss of services was asserted on behalf of the plaintiff, allegedly without her knowledge. On June 10, 2009, following negotiations to settle the prior action, the plaintiff signed a document stating, inter alia, that she agreed to receive $200,000 from the settlement proceeds "as full and final compensation for her loss of services claim." In February 2012, the plaintiff commenced the instant action against, among others, the Dinkes firm, Schwitzer, and Kimmelman, seeking, inter alia, to recover damages for legal malpractice and fraudulent concealment, based on the alleged failure to disclose her status as a plaintiff in the prior action and that she was accepting $200,000 in full settlement of her claim in that action. The plaintiff also asserted a cause of action alleging notarial misconduct against the defendant Alice Lin, a notary public

who notarized documents including a general release that allegedly contained the plaintiff's forged signature. Thereafter, the Dinkes firm, Schwitzer, and Lin (hereinafter collectively the Dinkes defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved, among other things, to compel the Dinkes defendants and Kimmelman to appear for depositions. In an order dated February 3, 2015, the Supreme Court, inter alia, granted the Dinkes defendants' motion for summary judgment and denied that branch of the plaintiff's cross motion which was to compel depositions.

" 'A party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents' " (*Fulton v Hankin & Mazel, PLLC*, 132 AD3d 806, 808 [2015], quoting *Martino v Kaschak*, 208 AD2d 698, 698 [1994]). Generally, a cause of action alleging that the plaintiff was induced to sign something different from what he or she thought was being signed only arises if the signer is illiterate, blind, or not a speaker of the language in which the document is written (*see Ackerman v Ackerman*, 120 AD3d 1279, 1280 [2014]). Here, the Dinkes defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action asserted against the Dinkes firm and Schwitzer by presenting evidence that the plaintiff could read and understand English, that she had the opportunity to read the document dated June 10, 2009, which expressly stated that she was accepting $200,000 "as full and final compensation for her loss of services claim," and that she never expressed any difficulty understanding the terms of the document (*see Matter of Augustine v BankUnited FSB*, 75 AD3d 596, 597 [2010]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she was incapable of understanding the document signed by her based on her conclusory testimony that "[n]o one . . . explained [it] to me."

Furthermore, the Dinkes defendants established their prima facie entitlement to judgment as a matter of law dismissing the notarial misconduct cause of action asserted against Lin by presenting evidence that the plaintiff signed the documents at issue, which contained Lin's notary acknowledgment (*see John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact based merely on her conclusory testimony that she did not sign the notarized documents, as "[s]omething more than a bald as-

sertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *see Kitovas v Megaris*, 133 AD3d 720, 721 [2015]; *John Deere Ins. Co. v GBE/ Alasia Corp.*, 57 AD3d at 622).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the motion of the Dinkes defendants for summary judgment dismissing the complaint insofar as asserted against them, and properly denied that branch of the plaintiff's cross motion which was to compel depositions. Chambers, J.P., Austin, Roman and Barros, JJ., concur.