Holder v Folsom PL Realty, Inc. (2022 NY Slip Op 03890)

Holder v Folsom PL Realty, Inc.

2022 NY Slip Op 03890

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-08983
 (Index No. 542936/17)

[*1]Katrina Holder, et al., respondents, 
v
Folsom PL Realty, Inc., appellant.

Avi Rosenfeld, Lawrence, NY, for appellant.
Law Offices of Jason J. Rebhun, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant appeals from an amended order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 4, 2018. The amended order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action alleging fraudulent inducement, unjust enrichment, and to quiet title to real property.
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the causes of action alleging fraudulent inducement, unjust enrichment, and to quiet title to real property are denied.
In December 2017, the plaintiffs commenced this action against the defendant to recover damages for fraud and related claims, and to set aside the deed to certain real property in Brooklyn (hereinafter the property). The plaintiffs alleged that the defendant fraudulently procured the deed to the property, which the plaintiffs owned, by misrepresenting to them the nature of the documents the defendant arranged for them to sign. According to the plaintiffs, as a result of the defendant's fraudulent scheme, the plaintiffs lost the property. The plaintiffs moved for summary judgment on the complaint. In an order dated December 4, 2018, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action alleging fraudulent inducement, unjust enrichment, and to quiet title. The defendant appeals.
"'In order to establish a prima facie case of fraud, the plaintiff must establish (1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations'" (Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788, quoting Giurdanella v Giurdanella, 226 AD2d 342, 343).
Contrary to the determination of the Supreme Court, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the plaintiffs submitted, inter alia, their affidavits, wherein they each averred that the defendant misled them into [*2]believing that they were signing documents to arrange a short sale of the property when, in fact, they executed documents that transferred the property to the defendant. One of the documents that the plaintiffs submitted with their motion was the deed to the property that the plaintiffs signed. The plaintiffs do not aver in their affidavits or in the complaint that they failed to read the documents they signed or that they were illiterate, blind, or did not read English, nor do they allege that they expressed any difficulty in understanding what they were signing (see Anderson v Dinkes & Schwitzer, P.C., 150 AD3d 805, 806). Instead, the plaintiffs contend that they were "overwhelmed by the paperwork" but do not allege any facts that would suggest that they were prevented from reading the documents prior to signing them or that they were forced to sign (see Matter of Augustine v BankUnited FSB, 75 AD3d 596, 597; Cash v Titan Fin. Servs., Inc., 58 AD3d at 788). Thus, the plaintiffs failed to establish, prima facie, that they were entitled to judgment as a matter of law on the causes of action alleging fraudulent inducement, unjust enrichment, and to quiet title (see Augustin v Park Slope Assoc. NY, LLC, 120 AD3d 527, 528; Cash v Titan Fin. Servs., Inc., 58 AD3d at 788). Accordingly, those branches of the plaintiffs' motion should have been denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court