■ SHANIQUE LEE, Appellant, v BORO REALTY, LLC, et al., Respondents. [832 NYS2d 453]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 7, 2005, which granted those branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted against them on the ground that the action was barred by a general release.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint on the ground that the action was barred by a general release. "A release is a contract, and its construction is governed by contract law" (*Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). "A release will not be treated lightly, and will be set aside by a court only for duress, illegality, fraud, or mutual mistake" (*Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]).

Here, it is undisputed that the plaintiff executed a release whereby she agreed to "release[] and discharge[] [the defendants] . . . from . . . all actions, causes of action, suits, . . . controversies, . . . damages, claims, and demands whatsoever, in law, . . . or equity." Such language is unambiguous, and the plaintiff's conclusory and unsubstantiated claim that she intended the release to only apply to her medical expenses, rather than to any claim for personal injuries, was insufficient to defeat the motion to dismiss (*see Barry v Hildreth*, 9 AD3d 341 [2004]; *Koster v Ketchum Communications*, 204 AD2d 280 [1994]; *Touloumis v Chalem*, 156 AD2d 230, 232 [1989]).

The plaintiff's remaining contentions are unpreserved for appellate review or are without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.