▆ ALMA G. DAVIS, Respondent, v ROCHDALE VILLAGE, INC., et al., Appellants. [971 NYS2d 340]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), dated April 16, 2012, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of release.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint is granted.

In support of their motion to dismiss the complaint, the defendants submitted a release executed by the plaintiff, which, by its terms, barred the instant action against them (*see* CPLR 3211 [a] [5]; *Schiller v Guthrie*, 102 AD3d 852 [2013]; *Seff v Meltzer, Lippe, Goldstein & Schlissel, P.C.*, 55 AD3d 592 [2008]). " ' "A release is a contract, and its construction is governed by contract law" ' " (*Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 962 [2010], quoting *Lee v Boro Realty, LLC*, 39 AD3d 715, 716 [2007]; *see Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). "A release may be invalidated . . . for any of 'the traditional bases for setting aside written agreements' " (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011], quoting *Mangini v McClurg*, 24 NY2d 556, 563 [1969]). However, "a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release' " (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276, quoting *Fleming v Ponziani*, 24 NY2d 105, 111 [1969]; *see Haynes v Garez*, 304 AD2d 714, 715 [2003]; *Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]).

Here, the plaintiff failed to demonstrate that there was fraud, duress, or some other fact sufficient to void the release. There is no merit to the plaintiff's contention that she lacked the mental capacity to enter into the release, and she failed to come forward with any valid excuse for failing to read the release prior to signing it (*see Matter of Augustine v BankUnited FSB*, 75 AD3d 596, 597 [2010]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]). In addition, the language of the release was clear

and unambiguous, and the plaintiff's conclusory and unsubstantiated claim that she intended the release to only apply to her medical expenses, rather than to any claim for personal injuries, is insufficient to set aside the release (see Lee v Boro Realty, LLC, 39 AD3d 715 [2007]).

Accordingly, the release should have been given effect, and the Supreme Court should have granted the defendants' motion to dismiss the complaint (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 277-280). Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.