Cames v Craig (2020 NY Slip Op 02029)





Cames v Craig


2020 NY Slip Op 02029


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-09953
 (Index No. 512752/15)

[*1]Tatiana Cames, respondent, 
v
Randolph Craig, appellant, et al., defendant.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Randolph Craig appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated August 2, 2017. The order, insofar as appealed from, denied that defendant's renewed motion pursuant to CPLR 3211(a)(5) to dismiss the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the renewed motion of the defendant Randolph Craig pursuant to CPLR 3211(a)(5) to dismiss the complaint and all cross claims insofar as asserted against him is granted.
The plaintiff commenced this action to recover damages for personal injuries which she alleges she sustained in July 2014 when a vehicle in which she was a passenger, which was operated by her fiancé, the defendant Randolph Craig, was involved in an accident with a vehicle which was operated by the defendant Floyd Joseph. After the Supreme Court denied, with leave to renew, that branch of Craig's original motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint and all cross claims insofar as asserted against him, Craig renewed the motion on the ground that the plaintiff executed a release of all claims against him arising out of the accident in exchange for a payment of $500. In the order appealed from, the court, inter alia, denied Craig's renewed motion. We reverse insofar as appealed from.
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211[a][5]). " A release is a contract, and its construction is governed by contract law'" (Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667, 670, quoting Schiller v Guthrie, 102 AD3d 852, 853). "Where . . . the language of a release is clear and unambiguous, the signing of a release is a jural act' binding on the parties" (Booth v 3669 Delaware, 92 NY2d 934, 935, quoting Mangini v McClurg, 24 NY2d 556, 563). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Global Mins & Metal Corp. v Holme, 35 AD3d 93, 98). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v [*2]Ponziani, 24 NY2d 105, 111; Davis v Rochdale Vil., Inc., 109 AD3d 867, 867).
Here, in support of his renewed motion, Craig submitted, inter alia, a copy of a release signed by the plaintiff, in which the plaintiff agreed to release Craig from any and all claims she might have in connection with the automobile accident in exchange for receipt of a payment of $500. Thus, the express terms of the release barred the plaintiff from pursuing this action insofar as asserted against Craig (see Liotti v Galasso, Langione & Botter, 128 AD3d 912, 912; Davis v Rochdale Vil., Inc., 109 AD3d at 867). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was fraud, mutual mistake, or some other ground sufficient to set aside the release (see Liotti v Galasso, Langione & Botter, 128 AD3d at 912; Davis v Rochdale Vil., Inc., 109 AD3d at 867).
Accordingly, the Supreme Court should have granted Craig's renewed motion pursuant to CPLR 3211(a)(5) to dismiss the complaint and all cross claims insofar as asserted against him.
Craig's remaining contention is improperly raised for the first time on appeal and, in any event, need not be considered in light of our determination.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court