O'Hara v Magee (2023 NY Slip Op 00328)

O'Hara v Magee

2023 NY Slip Op 00328

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04087
 (Index No. 35268/17)

[*1]John J. O'Hara, appellant, 
v
John Magee, et al., respondents.

Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for appellant.
Adam K. Kurland Attorney at Law, P.C., New City, NY, for respondent John Magee
and Donohue, McGahan, Catalano & Belitsis, Melville, NY (John McGahan and Stephen P. Mandracchia of counsel), for respondent Patrick Magee (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 30, 2020. The order granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
In June 2013, the plaintiff allegedly was involved in a collision with a vehicle while he was riding his motorcycle. In October 2013, the plaintiff commenced an action to recover damages for personal injuries against the driver of the vehicle and Bradley Corporate Park, the owner of the vehicle. That action resulted in a settlement and the plaintiff executed a release stating that he released, among others, the driver of the vehicle, Bradley Corporate Park, and "their successors and assigns, and all persons, firms, or corporations who are or might be vicariously liable . . . from all claims of any kind."
In October 2017, the plaintiff commenced this action, alleging that Bradley Corporate Park was a fictitious name used by the defendants to conduct business and that the defendants are vicariously liable for the negligence of the driver. The defendants separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. In an order dated April 30, 2020, the Supreme Court granted those branches of the defendants' separate motions. The plaintiff appeals.
Contrary to the plaintiff's contention, the defendants' respective failure to move specifically pursuant to CPLR 3211(a)(5) on the basis of the release does not warrant the denial of those branches of their separate motions on procedural grounds. Although CPLR 3211(a)(5)—which covers, inter alia, the defense of release—was not specifically asserted, the defendants clearly moved to dismiss the complaint based upon the defense of release (see Miller v Brunner, 164 AD3d 1228, 1230-1231). "[W]here the wrong ground is designated but other CPLR 3211(a) grounds do apply, the court may treat the motion as having specified the right ground and grant relief, absent prejudice, [*2]which has not been demonstrated" (Dean R. Pelton Co. v Moundsville Shopping Plaza, 173 AD2d 201, 201; see Miller v Brunner, 164 AD3d at 1231).
"Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]; see Ivasyuk v Raglan, 197 AD3d 635, 636). "Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement" (Kaminsky v Gamache, 298 AD2d 361, 361). Here, the release signed by the plaintiff unambiguously bars any causes of action alleging that the defendants are vicariously liable for his injuries (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; Miller v Brunner, 164 AD3d at 1231; Tamayo v Ford Motor Titling Trust, 284 AD2d 529, 530).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court