Huseinovic v Lee Wilson Mgt., LLC (2024 NY Slip Op 04199)

Huseinovic v Lee Wilson Mgt., LLC

2024 NY Slip Op 04199

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-06650
 (Index No. 506707/19)

[*1]Ramo Huseinovic, appellant, 
v
Lee Wilson Management, LLC, et al., defendants, Panini La Cafe, Inc., respondent.

William Pager, Brooklyn, NY, for appellant.
Moskowitz & Book, LLP, New York, NY (Chaim B. Book and Christopher R. Neff of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated August 18, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Panini La Cafe, Inc., which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Panini La Cafe, Inc., a restaurant in Brooklyn (hereinafter Panini), to recover damages for personal injuries he alleged he sustained in August 2018, when he slipped and fell while working at Panini. In April 2019, the plaintiff's employment with Panini was terminated and, in connection therewith, he executed a confidential separation agreement and general release (hereinafter the release). According to the release, the plaintiff discharged Panini, inter alia, from "any and all . . . causes of action of any kind whatsoever in tort, contract, by statute, or any other basis," which the plaintiff "ever had, now has or may have" against Panini "arising out of [the plaintiff's] employment relationship with" Panini.
Panini moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it on the ground that the action was barred by the release. In an order dated August 18, 2020, the Supreme Court, inter alia, granted that branch of Panini's motion. The plaintiff appeals.
"'A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release'" (Cames v Craig, 181 AD3d 851, 851, quoting CPLR 3211[a][5]). Because a release is a contract, "its construction is governed by contract law" (Cames v Craig, 181 AD3d at 851 [internal quotation marks omitted]; see Davis v Rochdale Village, Inc., 109 AD3d 867, 867). "Where 'the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties'" (Prete v Tamares Dev. 1, LLC, 219 AD3d 1537, 1537, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). "Whether the [*2]language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion [to dismiss] based upon the entire release and without reference to extrinsic evidence" (Beys Speciality, Inc. v Euro Constr. Servs., Inc., 125 AD3d 911, 912 [internal quotation marks omitted]; see O'Hara v Magee, 212 AD3d 833, 834). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Cames v Craig, 181 AD3d at 852 [internal quotation marks omitted]). Here, the release covered any and all claims, including the cause of action set forth in this personal injury action.
The plaintiff's remaining contentions are without merit. Accordingly, the release bars the action insofar as asserted against Panini (see O'Hara v Magee, 212 AD3d at 834; Barry v Hildreth, 9 AD3d 341, 342).
In light of our determination, we need not reach Panini's remaining contention.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court