**Caiola v Fox-Nahem Assoc., LLC**

2024 NY Slip Op 34389(U)

December 16, 2024

Supreme Court, New York County

Docket Number: Index No. 651130/2024

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

------------------------------------------------------------------------------X

ROSE CAIOLA and EDWARD MERMELSTEIN,

Plaintiffs,

- v -

FOX-NAHEM ASSOCIATES, LLC, JOSEPH NAHEM, and WARP & WEFT, INC.,

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 38M |
| INDEX NO. | 651130/2024 |
| MOTION DATE | 06/27/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 29, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53

were read on this motion to            DISMISS         .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, it is ordered that the motion to dismiss the complaint by

defendants Fox-Nahem Associates, LLC, and Joseph Nahem is granted, for the reasons set forth

in the motion papers (NYSCEF Doc. Nos. 15, 16, 17, 52, 53) and the exhibits attached thereto, in

which the court concurs, as summarized herein.

**Background**[1]

Plaintiffs bring this action for unjust enrichment and conversion of property against Fox-

Nahem Associates, LLC, an interior design company, and Mr. Nahem, its principal (collectively,

the "Nahem defendants"). On September 15, 2015, plaintiffs entered into an agreement with

Fox-Nahem Associates, LLC, for design services relating to the renovation of plaintiffs'

apartment located at 235 West 75th Street, New York, New York (the "75th St. Project," also

---

[1] Unless otherwise stated, the following allegations are taken from the complaint (NYSCEF Doc. No. 2), which are presumed true for the purposes of deciding this motion to dismiss.

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**       **Page 1 of 8**
   **Motion No.  003**

1 of 8

known as the "Astor Project") (NYSCEF Doc. No. 42 ¶ 2).  According to the affirmation of plaintiff Rose Caiola, from 2015 to 2020, the Nahem defendants purchased furnishings and other materials from vendors on behalf of plaintiffs for the 75th St. Project, invoicing plaintiffs for the cost of each purchase, along with commission to the Nahem defendants (*id.* ¶¶ 3-4).  Among those materials are two rugs purchased in 2016 by Fox-Nahem Associates, LLC from co-defendant Warp & Weft, Inc., costing a total of $137,222.39, which plaintiffs paid in full. Plaintiffs eventually terminated the 75th St. Project and began renovation of another apartment located at 50 Riverside Boulevard, New York, New York (the "Riverside Project") (*id.* ¶¶ 6-7). In May 2022, plaintiffs again retained the Nahem defendants for design services for the Riverside Project, which plaintiffs terminated in April 2023 (*id.* ¶¶ 8-10).

On June 28, 2023, plaintiffs and a non-party commenced a prior action against the Nahem defendants and others for, *inter alia*, breach of contract, unjust enrichment, and conversion of property relating to the 75th St. Project and the Riverside Project (the "Prior Action") (NYSCEF Doc. No. 44).  The Prior Action was resolved pursuant to a settlement agreement, dated October 16, 2023 (the "Settlement Agreement") (NYSCEF Doc. No. 19) and discontinued pursuant to a notice of voluntary discontinuance with prejudice, dated October 30, 2023 (NYSCEF Doc. No. 21).

The dispute in the instant action, filed March 1, 2024, specifically concerns the two rugs, for which plaintiffs seek damages for unjust enrichment and conversion against the Nahem defendants.  The rugs currently remain in possession of co-defendant Warp & Weft, Inc.[2]  The Nahem defendants now move to dismiss the complaint, pursuant to CPLR 3211(a)(5), based on

---

[2] By stipulation so-ordered by the court, all parties consented to Warp & Weft, Inc.'s request for interpleader relief enjoining plaintiffs and the Nahem defendants from enforcing their claims to the rugs against Warp & Weft, Inc., and requiring plaintiffs and the Nahem defendants to interplead herein to have their rights to the rugs adjudicated by the court (NYSCEF Doc. No. 39).

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**
  **Motion No.  003**

**Page 2 of 8**

2 of 8

[* 2]

the release in the Settlement Agreement and the voluntary discontinuance of the Prior Action under the principles of *res judicata* and collateral estoppel, in addition to fees and costs, pursuant to 22 NYCRR § 130-1.1(a). The motion is opposed.

**Standard of Review**

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the complaint as true, accord[ing] plaintiffs the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in plaintiff's favor (*JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [citations omitted]). "[W]here . . . the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

A party may move for dismissal "on the ground that . . . the cause of action may not be maintained because of . . . [a] release (CPLR 3211 [a] [5])" (*Cames v Craig*, 181 AD3d 851, 851 [2d Dept 2020] [internal quotation marks omitted]). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release. If the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Centro Empresarial Cempresa S.A. v Am. Movil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011] [internal quotation marks and citations omitted]). "As with contracts generally, the courts must

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**                          **Page 3 of 8**
  **Motion No.  003**

3 of 8

look to the language of a release—the words used by the parties—to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous. The scope of a general release depends on the controversy being settled and the purpose for which the release is actually given" (*Broyhill Furniture Indus., Inc. v Hudson Furniture Galleries, LLC*, 61 AD3d 554, 555 [1st Dept 2009] [internal quotation marks and citations omitted]). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (*Cames*, 181 AD3d 851 at 852 [internal quotation marks and citations omitted]).

**Discussion**

Here, defendants meet their initial burden of establishing that the general release terms of the Settlement Agreement bar the claims asserted here. The release provides, in pertinent part, as follows (NYSCEF Doc. No. 19 at 2 ¶ 4[a] ["Mutual General Release of Claims"]):

> Plaintiffs [and defendants]. . . hereby release, remise and forever discharge all claims, debts, demands, causes of action, suits, damages, obligations, costs, fees, losses, expenses, compensation, covenants, duties, obligations, responsibilities, representations, warranties, promises, liabilities, attorneys' fees, costs, and causes of action whatsoever, at law or in equity, known or unknown, asserted or unasserted, contingent or accrued, discovered or undiscovered, which occurred or existed at any time on or before the execution of this Agreement, that . . . has or could have [been] asserted against [the other].

A review of the Settlement Agreement reveals that the scope of the release is broad and clearly and unambiguously encompasses all claims arising out of the 75th St. Project and the Riverside Project. By its express terms, the Settlement Agreement is "intended to fully and finally resolve all disputes between the Parties arising out of or relating to" the 75th St. Project, the Riverside Project, and their respective underlying agreements (*id.* at 2 ¶ 1 ["Scope of Agreement"]). The

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**
**Motion No.  003**

**Page 4 of 8**

4 of 8

recitals further state the parties' intention to "settle all disputes, claims, and actions that they assert against each other arising from the facts alleged in the [Prior] Action" and "to preclude the possibility of further disputes between them arising out of the facts related to their dispute, whether known or presently unknown, including without limitation the [Prior] Action" (*id.* at 1 [ninth "Whereas" clause]).

Although, as plaintiffs point out, the Settlement Agreement makes no reference to the rugs, it is undisputed that the rugs in question were purchased by Fox-Nahem Associates, LLC in 2016 for the 75th St. Project and later sought to be delivered to the Riverside Project and, thus, fall squarely within the scope of the release. The sweeping language of the release indicates the parties' clear intent to settle all controversies—known or unknown, asserted or not—arising out of the 75th St. Project and Riverside Project, which would include disputes over purchases for said projects, such as the rugs. (*See, e.g.*, *Broyhill Furniture Indus., Inc.*, 61 AD3d 554 at 555 ["The clear, expansive language of section 9 of the settlement agreement/general release at issue plainly indicates that it was intended as a complete accord and satisfaction between TD Bank and respondents regarding the subject secured loan transactions, barring any claim that either of them might ever conceivably have arising therefrom"]).

The finality of the general release is underscored by another provision providing for the termination "in all respects" of the underlying agreements for the 75th St. Project and the Riverside Project, as well as "any/all other agreements" between the parties. That provision is titled "Termination of All Agreements" (*see*, NYSCEF Doc. No. 19 at 2 ¶ 3), declaring that "the Parties have no further rights or obligations to one another under, arising from, or relating to the aforementioned agreements or generally with respect to the Astor Project, [and] the Riverside Project . . . ." (*See Long v O'Neill*, 126 AD3d 404, 407 [1st Dept 2015] ["The language in the

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**
**Motion No.  003**

**Page 5 of 8**

5 of 8

release contains several phrases indicating its exceptional breadth. . . . . Accordingly, the language of the release makes clear that when the Fund ended as an entity, so did any of the claims or rights relating to it."] [internal quotation marks and citations omitted]).

Plaintiffs do not argue that the release is invalid due to "fraud, duress or some other fact" (*Cames*, 181 AD3d 851 at 852), but that it does not apply to their claims here. Plaintiffs assert that the release applies only to claims that existed at the time of the Settlement Agreement, which was executed on October 16, 2023, and does not bar future claims. Because the alleged conversion of the rugs occurred in February 2024, plaintiffs could not have asserted such a claim in the Prior Action. Even assuming this is true, the scope of the Settlement Agreement is not only limited to claims in the Prior Action, but also encompasses claims "arising out of the facts related to their dispute, whether known or presently unknown, *including without limitation* the Prior Action" (NYSCEF Doc. No. 19 at 1 [ninth "Whereas" clause] [emphasis added]).

Furthermore, although the release provision bars claims that "occurred or existed at any time on or before the execution" of the Settlement Agreement, it specifically refers to such claims as "known or unknown, asserted or unasserted, contingent or accrued." Thus, plaintiffs' claims in this action—which allegedly were unknown and unasserted at the time of the Settlement Agreement's execution, accruing only thereafter—nevertheless fall within the scope of the release (*see, Long*, 126 AD3d at 407-08 ["even accepting as true (as we must on a motion to dismiss) plaintiff's argument that he believed his claims did not exist when he executed the settlement agreement, this argument would not change the outcome, as the release disposed of even unripe and contingent claims"]; *see also, Centro Empresarial Cempresa S.A.*, 17 NY3d 269 at 276 ["Notably, a release may encompass unknown claims . . . if the parties so intend and the agreement is 'fairly and knowingly made'"] [citations omitted]).

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**
**Motion No.  003**

**Page 6 of 8**

6 of 8

Indeed, the Settlement Agreement accounts for any differences in fact assumed or perceived in error by the parties (NYSCEF Doc. No. 19 at 3 ¶ 8 ["Differences in Fact"] ["the Parties expressly accept and assume the risk of facts being other than or different from its or their assumptions or perceptions as of any date prior to and including the date hereof. . . ."]).  Thus, a party's mistake of fact as to the ownership of the rugs does not alter the scope of the release (*see, Stevens v Town of Chenango*, 167 AD3d 1105, 1107 [3d Dept 2018] ["[The fact that] Moore did not intend for the release to encompass this action when he executed it . . . [and] may have intended something else is irrelevant[, as] . . . a mere unilateral mistake . . . with respect to the meaning and effect of the release . . . [and] does not constitute an adequate basis for invalidating it."] [internal quotation marks and citations omitted]).

Accordingly, the court finds that the general release terms of the Settlement Agreement bar the claims asserted here.  The court grants the motion to dismiss the complaint, pursuant to CPLR 3211(a)(5), on the grounds of the release and need not reach the other grounds, *res judicata* and collateral estoppel.  Dismissal is without prejudice to plaintiffs' or the Nahem defendants' right to interplead herein with respect to their claims to the rugs, pursuant to the so-ordered stipulation of the parties (NYSCEF Doc. No. 39).

Finally, the Nahem defendants' application for fees and costs, pursuant to 22 NYCRR § 130-1.1(a), is denied. Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1(a) provides that a court may impose financial sanctions on a party who engages in frivolous conduct. Frivolous conduct is defined as conduct that (1) is "completely without merit in law"; (2) is "undertaken primarily to delay or prolong resolution of the litigation, or to harass or maliciously injure another"; or (3) "asserts material factual statements that are false" (22 NYCRR 130-1.1[c]).  The Nahem defendants argue that plaintiffs' filing of the instant action, as well as a criminal

[* 7]

complaint of theft against Mr. Nahem, not only violates the Settlement Agreement, but also constitutes abuses of the civil and criminal legal process. However, the court does not find that plaintiffs' conduct, which appears to stem from a mistake of fact or conflicting interpretation of the Settlement Agreement, amounts to frivolous conduct.

Accordingly, it is

ORDERED that the motion to dismiss the complaint in its entirety as against defendants Fox-Nahem Associates, LLC, and Joseph Nahem is granted and, accordingly, the complaint is dismissed as against said defendants, without prejudice to their right to seek interpleader relief herein.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 12/16/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**651130/2024   CAIOLA, ROSE ET AL vs. FOX-NAHEM ASSOCIATES, LLC ET AL**
**Motion No.  003**

**Page 8 of 8**

8 of 8