Rivera v Sik Leung Kei (2025 NY Slip Op 00999)

Rivera v Sik Leung Kei

2025 NY Slip Op 00999

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-00181
2023-01661
 (Index No. 518901/16)

[*1]Sostenes Rivera, appellant, 
v
Sik Leung Kei, etc., et al., defendants, Chau Sum Shum, et al., respondents.

Greenberg Law, P.C. (Joshua Annenberg, New York, NY, of counsel), for appellant.
Silverson Pareres & Lombardi LLP, White Plains, NY (Joseph C. Marchese and Rachel H. Poritz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an amended order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 6, 2022, and (2) an order of the same court dated January 12, 2023. The amended order, insofar as appealed from, upon renewal, in effect, vacated so much of an order of the same court dated November 7, 2022, as denied that branch of the prior motion of the defendants Chau Sum Shum and Suk Chang Shum which was to vacate a judgment of the same court dated June 2, 2022, entered upon their failure to appear or answer the complaint, and thereupon granted that branch of the prior motion, and granted that branch of the motion of those defendants which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them. The order dated January 12, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue his opposition to those branches of the motion of the defendants Chau Sum Shum and Suk Chang Shum which were for leave to renew that branch of their prior motion which was to vacate the judgment and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated January 12, 2023, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that one bill of costs is awarded to the defendants Chau Sum Shum and Suk Chang Shum.
The plaintiff commenced this personal injury action against the defendants Chau Sum Shum and Suk Chang Shum (hereinafter together the Shum defendants), the owners of the premises where he was injured, among others. The Shum defendants failed to appear or answer the complaint. A judgment dated June 2, 2022, was entered in favor of the plaintiff and against the Shum defendants in the total sum of $2,315,427.45. In an order dated November 7, 2022, the Supreme Court, inter alia, denied that branch of the Shum defendants' motion which was to vacate the judgment. Thereafter, the Shum defendants moved, among other things, for leave to renew that branch of their [*2]prior motion which was to vacate the judgment and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, relying on the terms of a general release executed by the plaintiff. In an amended order dated December 6, 2022, the court, inter alia, upon renewal, granted that branch of the Shum defendants' prior motion which was to vacate the judgment and that branch of their motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them based on the release. The plaintiff moved, among other things, for leave to reargue his opposition to those branches of the Shum defendants' motion which was for leave to renew that branch their prior motion which was to vacate the judgment and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them. In an order dated January 12, 2023, the court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals from the amended order and the order dated January 12, 2023, contending that the release did not unambiguously bar the plaintiff's claim.
"'A release is a contract, and its construction is governed by contract law'" (Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962, quoting Lee v Boro Realty, LLC, 39 AD3d 715, 716 [internal quotation marks omitted]). Where the language of a release is clear and unambiguous, it is binding on the parties, and the intent of the parties must be ascertained from its plain language (see Sacchetti-Virga v Bonilla, 158 AD3d 783).
Here, the language of the release executed by the plaintiff was clear and unambiguous, and any misunderstanding by the plaintiff of the terms of the release is insufficient to avoid the consequences of the release (see Koufakis v Siglag, 85 AD3d 872). Accordingly, the Supreme Court properly found that the release was a complete bar to the complaint insofar as asserted against the Shum defendants.
The appeal from the order dated January 12, 2023, must be dismissed, as no appeal lies from an order denying reargument (see Weir v Northwell Health Inc., 217 AD3d 806).
CHAMBERS, J.P., BRATHWAITE NELSON, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court