Benjamin v Kahen (2025 NY Slip Op 04538)

Benjamin v Kahen

2025 NY Slip Op 04538

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-04862
2022-08381
 (Index No. 606741/21)

[*1]Jim Benjamin, respondent,
v
Robert Kahen, et al., appellants.

Moritt Hock & Hamroff LLP, Garden City, NY (Michael S. Re of counsel), for appellants.
Jim Benjamin, Great Neck, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered May 25, 2022, and (2) an order of the same court entered October 3, 2022. The order entered May 25, 2022, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint or, in the alternative, for summary judgment dismissing the amended complaint. The order entered October 3, 2022, insofar as appealed from, upon reargument, adhered to the prior determination in the order entered May 25, 2022, denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the amended complaint or, in the alternative, for summary judgment dismissing the amended complaint.
ORDERED that the appeal from the order entered May 25, 2022, is dismissed, as the portion of the order appealed from was superseded by the order entered October 3, 2022, made upon reargument; and it is further,
ORDERED that the order entered October 3, 2022, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered May 25, 2022, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint, and substituting therefor a provision, upon reargument, vacating that portion of the order entered May 25, 2022, and thereupon granting that branch of the motion; as so modified, the order entered October 3, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In September 2021, the plaintiff commenced this action against the defendants to recover damages for fraud, breach of fiduciary duty, and aiding and abetting fraud in connection with a joint venture to develop certain real estate. The defendants interposed an answer, alleging, inter alia, that the action was barred by a release executed by the plaintiff in February 2018. After the plaintiff served an amended complaint, the defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint or, in the alternative, for summary judgment [*2]dismissing the amended complaint. In an order entered May 25, 2022, the Supreme Court, inter alia, denied those branches of the defendants' motion. Thereafter, the defendants moved for leave to reargue those branches of their prior motion. In an order entered October 3, 2022, the court, among other things, upon reargument, adhered to its original determination in the order entered May 25, 2022. The defendants appeal.
"'Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d 862, 863, quoting Centro Empresarial Cempresa S.A. v América Movil, S.A.B. de C.V., 17 NY3d 269, 276). "'[A] release may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made'" (JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 878, quoting Centro Empresarial Cempresa S.A. v América Movil, S.A.B. de C.V., 17 NY3d at 276). "A party may move for judgment dismissing one or more causes of action asserted against [the party] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211[a][5]). "In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), 'the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be resolved in his or her favor'" (Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d at 863-864, quoting Sacchetti-Virga v Bonilla, 158 AD3d 783, 784). "'Although the defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Huseinovic v Lee Wilson Mgt., LLC, 230 AD3d 576, 577, quoting Cames v Craig, 181 AD3d 851, 852). Here, in support of that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint, the defendants submitted, inter alia, the release executed by the plaintiff, which, by its plain terms, barred this action against the defendants (see Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d at 863; Kante v 801 Post Realty, LLC, 224 AD3d 823, 824). In opposition, the plaintiff failed to show that there was fraud, duress, or some other circumstance that would be sufficient to void the release (see Davin v Plymouth Rock Assur. Co. of N.Y., 227 AD3d at 863; Kante v 801 Post Realty, LLC, 224 AD3d at 824-825; Carew v Baker, 175 AD3d 1379, 1381). "'A party is under an obligation to read a document before he or she signs it, and a party cannot generally avoid the effect of a [document] on the ground that he or she did not read it or know its contents'" (Fulton v Hankin & Mazel, PLLC, 132 AD3d 806, 808, quoting Martino v Kaschak, 208 AD2d 698, 698). Accordingly, upon reargument, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court